UNITED STATES DISTRICT COURT          FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                        :
CHARLES E. WASHINGTON,                  :
                                        :
                      Plaintiff,        :      MEMORANDUM AND ORDER
                                        :
              -against-                 :      95-CV-2167 (JG) (CLP)
                                        :
CHARLES S. HIRSCH *et al.*,             :
                                        :
                      Defendants.       :
-----------------------------------------------------------x

JOHN GLEESON, United States District Judge:

          Plaintiff Charles E. Washington commenced this civil action *pro se* on May 30,

1995, as the continuation of an earlier action, *Washington v. Hirsch et al.*, No. 94-CV-3585 (JG)

(MDG) ("*Washington I*"), which he had commenced on July 29, 1994.[1] In 1996, I dismissed this

action without prejudice and subsequently denied reconsideration of that ruling. By letter dated

August 30, 2011, Washington again seeks reconsideration of the dismissal of his case as well as

a certificate of appealability. For the reasons below, his motion is denied.

                                    BACKGROUND

          In 1993, Washington was indicted by a grand jury sitting in Kings County for the

murder of the 21-year-old daughter of his former wife and for criminal possession of a weapon.

In *Washington I* – before Washington had gone to trial in state court on these charges –

Washington asserted claims against two medical examiners, the Kings County District Attorney

and his own former lawyer, principally alleging that an autopsy report that the prosecution

---

[1]          In the header of his letter, Washington lists an additional docket number, "94 CV 2585." The civil action bearing that docket number is unrelated to Washington's litigation and he is not listed as a party. I assume Washington listed this third docket number in error. Washington did commence a third case in this Court by petitioning for a writ of habeas corpus, which resulted in the denial of his petition on August 1, 2002. *See Washington v. Walsh*, No. 01-CV-250 (JG), 2002 WL 2003207 (E.D.N.Y. Aug. 1, 2002) ("*Washington III*"), *appeal dismissed* No. 02-2694 (2d Cir. Feb. 28, 2003).

intended to use as evidence at his upcoming state trial had been falsified. Washington sought

damages as well as various forms of intervention in the pending state criminal case, including an

injunction barring trial until a hearing could be held in this Court to determine the veracity of the

autopsy report.

In a memorandum and order dated February 27, 1995, I granted the defendants'

motion to dismiss the claims in *Washington I* principally on the ground that a federal court

cannot interfere with a pending state criminal prosecution in the absence of bad faith, harassment

or other unusual circumstances – none of which were present. *See Younger v. Harris*, 401 U.S.

37, 53-54 (1971). I noted that Washington would have an opportunity to assert all of his claims

in defense of the criminal charges against him in state court. I also concluded that his damages

claims should be dismissed as premature because it was impossible to evaluate his claim that the

defendants' actions had deprived him of the opportunity to secure a fair trial before that trial had

taken place. The dismissal of Washington's claims was thus without prejudice to renewal after

the conclusion of his state criminal proceedings. Judgment was entered on March 9, 1995, and

the case was closed.

On May 16, 1995, a jury convicted Washington of manslaughter in the first

degree and criminal possession of a weapon in the third degree. Washington promptly notified

this Court that his state criminal proceedings were concluded by letter dated May 24, 1995, and

requested that his claims from *Washington I* be "renewed." His letter was construed as a new

complaint commencing the instant civil action.

By order dated March 22, 1996, I dismissed Washington's claims for a second

time. I concluded that Washington could not pursue a civil action challenging the validity of his

conviction unless the conviction had been reversed on appeal or otherwise invalidated. *See Heck*

*v. Humphrey*, 512 U.S. 477, 486-87 (1994). This second dismissal was again without prejudice and included a notation that Washington could renew his claims in the event he was successful in his appeal of his conviction. By order dated April 5, 1996, I considered a letter submitted by Washington to be motion for reconsideration of the order of dismissal and denied reconsideration. Since then, it appears that Washington's efforts to challenge his conviction on direct appeal and collaterally have been unsuccessful. *See Washington III*, 2002 WL 2003207, at *2-3.

## DISCUSSION

Fifteen years after the last order issued in this case, Washington again seeks reconsideration of the dismissal of his claims. His request, which is properly treated as a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for relief from the Court's March 22, 1996 order, is well outside of the applicable time limits. Such a motion "must be made within a reasonable time" and, in certain situations, within a year of entry of the order at issue. Fed. R. Civ. P. 60(c)(1). Washington's request for reconsideration comes more than 15 years after entry of the order dismissing his claims. Even assuming there may be circumstances in which such a long period would be deemed reasonable, Washington has not offered any explanation for not seeking reconsideration earlier and his request must be denied as untimely.

Even if Washington's request were timely, I would deny it for lack of merit. In *Heck*, the Supreme Court held that a plaintiff cannot recover damages for an allegedly unconstitutional conviction or imprisonment unless the conviction or sentence has been reversed, expunged, declared invalid by an authorized state tribunal or called into question by the issuance of a federal writ of habeas corpus. *See Heck*, 512 U.S. at 486-87. Pursuant to *Heck*, Washington's claims were not cognizable at the time his case was dismissed in 1996 because his

3

convictions had not been reversed or otherwise invalidated.  Washington has not asserted that the

status of his convictions has changed and has thus presented no grounds for revisiting the Court's

earlier rulings.

Washington asserts that application of *Heck* to his case violated "the Rule of Ex

Post Facto."  (Letter from Washington, Aug. 30, 2011, at 3.)  Although "the *Ex Post Facto*

Clause of the Constitution is a limitation on the retroactive application of *legislation*, and

therefore, does not apply to" judicial decisions such as *Heck*, there are "*ex post facto* limitations

on judicial decisionmaking inherent in the notion of due process."  *United States v. Snow*, 462

F.3d 55, 66 n.12 (2d Cir. 2006).  Nevertheless, application of *Heck* to Washington's claims does

not violate these *ex post facto* limitations for several reasons.

First, *Heck* was decided by the Supreme Court in June 1994, *before* Washington

commenced *Washington I* in July 1994.  Second, this is a civil action and the *ex post facto*

doctrine does not apply in civil proceedings.  *See Chan v. Gantner*, 464 F.3d 289, 293 (2d Cir.

2006); *Guaylupo-Moya v. Gonzales,* 423 F.3d 121, 131-32 (2d Cir. 2005).  Finally, the dismissal

of Washington's claims due to the fact that he had not achieved a favorable termination of his

state convictions was proper under the law in this Circuit even prior to *Heck.  See, e.g.*, *Hygh v.

Jacobs*, 961 F.2d 359, 367 (2d Cir. 1992) ("A plaintiff alleging the constitutional tort of

malicious prosecution in an action pursuant to § 1983 must establish termination of the

prosecution in his favor in accordance with applicable state law."); *Singleton v. City of New

York,* 632 F.2d 185, 195 (2d Cir. 1980) ("The common law rule that termination of the earlier

proceedings in favor of the accused is an essential element of a malicious prosecution claim has

generally been adopted and applied by federal courts, even with respect to federal tort claims."

(citations omitted)).

Washington's request for a certificate of appealability must be denied as moot. Although a petitioner seeking to appeal the denial of a petition for a writ of habeas corpus must obtain a certificate of appealability in many instances, *see* 28 U.S.C. § 2253(c), this requirement does not apply in § 1983 cases. *Reyes v. New Mexico*, 415 F. App'x 856, 857 (10th Cir. 2011 ("Because this is a § 1983 action and not a habeas corpus action, Reyes does not need a certificate of appealability to proceed and we deny his application for a certificate of appealability as moot." (emphasis removed)); *Adams v. Spitzer*, No. 02 Civ. 4476 (DLC), 2003 WL 1878413, at *1 (S.D.N.Y. Apr. 14, 2003). Washington could have appealed the judgment in this action as of right by filing a notice of appeal, but the deadline for doing so passed long ago. *See* Fed. R. App. P. 4(a)(1)(A).[2] Even if I were to construe Washington's request for a certificate of appealability as a motion for an extension of time to file a notice of appeal or for reopening of the time to file an appeal, I would be compelled to deny such a motion as untimely. *See* Fed. R. App. P. 4(a)(5)–(6).

Accordingly, for the reasons stated above, Washington's requests for reconsideration (construed as a motion for relief from a final order) and for a certificate of appealability are denied.

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
October 5, 2011

---

[2] Washington asserts that he was not informed by the Court of his right to appeal any of the previously issued orders. Assuming this is true, a federal court has no affirmative obligation to notify a *pro se* civil litigant of the right to an appeal and the lack of such notice to Washington can afford him no relief in this case.